UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| STATE OF TENNESSEE, *in hac parte, et al.*, | ) | |
| | ) | |
| Relators/Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 3:10-CV-176 |
| | ) | *related to* |
| LARRY WATERS, *et al.*, | ) | 3:10-CV-268 |
| | ) | (VARLAN/SHIRLEY) |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on plaintiffs' Motion to Alter or Amend Judgment brought pursuant to Rules 52 and/or 59(e) of the Federal Rules of Civil Procedure [Doc. 8]. Defendants have not filed a response to the motion, and the time for doing so has passed. *See* L.R. E.D. TN 7.1(a), 7.2. For the reasons explained below, the Court denies the motion.

**I.     Background**

Plaintiffs request that the Court alter or amend the judgment embodied by the order entered by the Court on November 30, 2010 [Doc. 8]. In that order, the Court addressed plaintiff's motion to remand or transfer to state court [Doc. 7]. Plaintiffs argued that the Court should remand or transfer this action on the basis of federal abstention or inconvenient forum [*Id.*]. Alternatively, plaintiffs moved for voluntary dismissal pursuant to Rule 41 of the Federal Rules of Criminal Procedure [*Id.*]. The Court found plaintiffs' arguments concerning abstention and inconvenient forum without merit, but found plaintiffs' request

for a voluntary dismissal well-taken [*Id.*]. Consequently, the Court denied plaintiffs' motion to remand or transfer and granted plaintiffs' motion for voluntary dismissal [*Id.*].

Plaintiffs now submit that "[t]he record in this cause reflects that defendants, Tommy Watts, Timothy Hurst, James Dykes, Duane Dodgen and Mark Goins, Tennessee Coordinator of Elections did not join in the petition for removal" [Doc. 8]. They further submit that the same defendants did not file anything in either state court or this Court "as a result of having been personally served with process in this cause" [*Id.*]. Plaintiffs therefore argue that, under the rule of unanimity, this Court lacked subject matter jurisdiction and is now required to remand the action to state court [*Id.*].

In addition, and in further support of their motion, plaintiffs submit the declaration of Herbert S. Moncier ("Moncier") their "original attorney of record in this action, which explains that even with diligent effort on behalf of your plaintiffs, they were unable to raise their non-jurisdictional issues by motion within the 30 day period required by the statute, and that their untimely filing should accordingly be excused for good cause and the remaining merits of their opposition to removal should also be considered" [*Id.*].

**II.  Standard of Review**

Rule 52(b) provides: "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings--or make additional findings--and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." Fed. R. Civ. P. 52(b). Rule 59(e) provides: "A motion to alter or amend a judgment

2

must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Sixth Circuit has determined that a motion under Rule 59(e) "must either clearly establish a manifest error of law or must present newly discovered evidence." *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (citations omitted). A party cannot utilize a Rule 59(e) motion to re-litigate issues the Court previously considered. *Keweenaw Bay Indian Cmty. v. United States*, 940 F. Supp. 1139, 1141 (W.D. Mich. 1996). Additionally, a party wishing to alter or amend a judgment may not "raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

**III.    Analysis**

To begin with, plaintiffs' motion is timely as plaintiffs filed their motion twenty-one days after the Court's order [*See* Docs. 7, 8]. Also, plaintiffs must establish that this Court made a manifest error of law in failing to remand the case for defendants' failure to comport with the rule of unanimity because plaintiffs do not point to newly discovered evidence as grounds for their motion.

Plaintiffs did not raise the rule of unanimity in their motion to remand or transfer [*See* Doc. 4]. Although plaintiffs argue that the Court lacked subject matter jurisdiction over this action as a result of defendants' failure to comport with the rule of unanimity, the rule of unanimity is a "technical defect[] in the removal procedure." *Lofits v. United Parcel Serv., Inc.*, 342 F.3d 509, 516-17 (6th Cir. 2003). As a technical defect, the Court could not raise

3

the issue *sua sponte*. *Id.* (citations omitted). Thus, the Court finds that it did not commit a manifest error of law in failing to remand the case for defendants' failure to comport with the rule of unanimity.

In addition, the Court finds that plaintiffs could have raised the rule of unanimity prior to the time judgment issued. Although their motion to remand or transfer was not submitted within thirty days of the notice of removal, plaintiffs did file a motion to remand or transfer and could have included an argument concerning the rule in that motion. Plaintiffs' reliance on the declaration of Moncier, their original attorney in this action, does not persuade the Court to conclude otherwise.

Plaintiffs rely on the declaration of Moncier to argue that they were unable to timely raise non-jurisdictional issues by motion and that their untimely motion for remand on the basis of the rule of unanimity should be excused [Doc. 8].[1] The declaration of Moncier indicates that Moncier was suspended from practicing in this Court or giving advice to his clients regarding proceedings in this Court at the time this case was removed [Doc. 8-1]. The declaration further indicates that plaintiffs attempted to obtain counsel to file appropriate pleadings in response to the removal, but election contest litigation "is politically charged" and "it is difficult for citizens to locate attorneys who are willing to bring these actions

---

[1] The Court is somewhat confused by plaintiffs' argument that they were unable to raise "non-jurisdictional issues by motion within the 30 day period required by the statute" as they argue that defendants' failure to comport with the rule of unanimity deprived this Court of subject matter jurisdiction [*See* Doc. 8]. Nonetheless, the Court construes plaintiffs' argument as meaning that they were unable to raise the rule of unanimity in a timely fashion.

4

against 'established' government officials" [*Id.*]. Moncier requested leave to file a motion to remand in this case, but Chief Judge Collier denied his request [*Id.*].

A review of the proposed motion filed along with Moncier's request reveals a motion substantially similar to the motion actually filed in this case [*See id.*]. Importantly, however, the proposed motion did not raise the rule of unanimity [*See id.*]. Moreover, despite the "politically charged" nature of this action, plaintiffs found counsel to file a motion to remand,[2] and that motion, again, did not contain an argument concerning the rule of unanimity. Moncier's declaration provides no reason to excuse plaintiff's failure to raise the rule before judgment issued.

**IV. Conclusion**

For the reasons discussed above, the Court hereby **DENIES** plaintiffs' Motion to Alter or Amend Judgment [Doc. 8].

IT IS SO ORDERED.

                                                                           s/ Thomas A. Varlan
                                                                           UNITED STATES DISTRICT JUDGE

---

[2] Indeed, that counsel is the same counsel now requesting relief from the Court.